UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELBY ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00273-JMS-MJD |
| | ) |
| WILLIAMS, | ) |
| BARE, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Service of Process**
**I.**
**Screening Standard**

The plaintiff is a prisoner currently incarcerated at Plainfield Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names two defendants: 1) Dorm Officer Williams, and 2) Dorm Officer Bare. The plaintiff alleges that the defendants have discriminated against him because he is disabled by failing to transport him to the chow hall, medical appointments, pill call, and religious services. He seeks injunctive relief and monetary damages.

## III.
## Discussion of Claims

The plaintiff's First and Eighth Amendment claims against both defendants **shall proceed.**

The plaintiff also raises claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, but employees of the Indiana Department of Correction (IDOC) are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA and Rehabilitation Act claims against the named defendants in their individual capacity are **dismissed**. Because claims under the ADA and Rehabilitation Act against the named defendants in their official capacity are actually claims against the state, **the clerk is directed** to add the Indiana Department of Correction as a defendant. The plaintiff's ADA and Rehabilitation Act claims **shall proceed** against the IDOC. *See Jaros*, 684 F.3d at n.2.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed.  If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 8, 2019,** in which to identify those claims.

## IV.
## Conclusion and Service of Process

In this Entry, the Court has screened the plaintiff's complaint, dismissed ADA and Rehabilitation Act claims against the individual defendants, added the IDOC as a defendant and allowed ADA and Rehabilitation Act claims to proceed against the IDOC, and allowed First and Eighth Amendment claims to proceed against the individual defendants. **The clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. **The clerk is directed** to serve the defendants electronically.

**IT IS SO ORDERED.**

Date: 3/12/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHELBY ADKINS
192337
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168


Electronic Service to:

Indiana Department of Correction

Officer Williams
Officer Bare
       (both employed at Plainfield Correctional Facility)